**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES BOYCE HARMON,

      Plaintiff-Appellant,

v.

E. GALLEGOS, and HARRY A.
LAPPIN,

      Defendants-Appellees.

No. 05-3209

(D.C. No. 05-3163-SAC)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Plaintiff James Harmon, a federal prisoner appearing pro se, appeals from an order

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

of the district court dismissing without prejudice his civil rights complaint for failure to exhaust administrative remedies. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

At the time he filed his complaint, Harmon was housed at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth).[1] In his complaint, Harmon challenged as unconstitutional a no-smoking policy in place at USP-Leavenworth, and sought both injunctive relief and damages. The district court dismissed Harmon's complaint without prejudice, noting that Harmon had failed to establish, or even allege, that he had exhausted the administrative remedies available to him at USP-Leavenworth. Harmon responded by filing a combined motion to alter or amend the judgment and to amend his complaint to add additional claims concerning the conditions of confinement at USP-Leavenworth. Notably, however, Harmon made no attempt to establish that he had exhausted his administrative remedies with respect to the claims asserted in his original complaint, or with respect to the new claims he sought to add. Indeed, Harmon's motion essentially conceded that he had not exhausted his administrative remedies. The district court therefore denied Harmon's motion.

Under federal law, prisoners must exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). The exhaustion requirement applies even if the prisoner only requests monetary damages unavailable

---

[1] Since filing his notice of appeal, Harmon has submitted a pleading to this court indicating that he has been transferred from USP-Leavenworth to the United States Penitentiary in Lewisburg, Pennsylvania.

through administrative channels.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001) (holding that § 1997e(a) requires a § 1983 prisoner-plaintiff to exhaust administrative remedies before filing suit, even when only requesting monetary damages); <u>see</u> <u>also</u> <u>Yousef v. Reno</u>, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001) (applying <u>Booth</u> in a <u>Bivens</u> case).  In this case, the district court concluded, and we agree, that Harmon failed to exhaust the administrative remedies available to him before filing suit.  Thus, we agree with the district court that the proper course was to dismiss Harmon's complaint without prejudice.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge